**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| Café Valley, Inc., | : | |
| | : | Civil Action No. 3:25-cv-00884-JZ |
| Plaintiff, | : | |
| | : | Judge Jack Zouhary |
| v. | : | Magistrate Judge Darrell A. Clay |
| | : | |
| Cooper Farms, Inc., | : | **JURY DEMAND** |
| | : | **ENDORSED HEREON** |
| Defendant. | : | |

**DEFENDANT COOPER FARMS, INC.'S
ANSWER TO PLAINTIFF CAFÉ VALLEY, INC.'S COMPLAINT
AND COUNTERCLAIM**

Defendant Cooper Farms, Inc. ("Cooper Farms"), for its answer to Plaintiff Café Valley,

Inc.'s ("Plaintiff" and/or "Café Valley") Complaint, avers as follows:

**FIRST DEFENSE**

1.      States the allegations in Paragraph 1 of the Complaint are legal conclusions to

which no responsive pleading is required.  To the extent a responsive pleading is deemed to be

required, denies the allegations in Paragraph 1 of the Complaint.

2.      Denies the allegations in Paragraph 2 of the Complaint.

3.      Denies the allegations in Paragraph 3 of the Complaint.

4.      Admits that a force majeure event specifically contemplated by the Egg Supply

Agreement between the parties, including, but not limited to, by paragraph 11 of the Egg Supply

Agreement, occurred, namely an Avian Influenza outbreak that caused the loss of over 91.4% of

Cooper Farms' laying hens for conventional eggs.  Further answering, pursuant to the Egg Supply

Agreement, and specifically pursuant to paragraph 11 of the Egg Supply Agreement, the parties

agreed that, due to the occurrence of the force majeure event, "[n]either party shall be liable to the

other for failure or delay in performance."  Further answering, paragraph 11 of the Egg Supply Agreement further provides that "[u]pon the cessation of a contingency [here, the force majeure event, the Avian Influenza outbreak], if the Agreement has not previously been terminated in accordance with this paragraph, the obligations of Cooper Farms and Customer [Café Valley] under this Agreement shall again take effect as from the date of such cessation and so on from time to time."  Further answering, a true and accurate copy of the Egg Supply Agreement, with confidential information redacted, was attached to the Stipulation filed in this case on July 24, 2025, and Cooper Farms incorporates the Egg Supply Agreement attached to the Stipulation by reference fully in this Answer.  Further answering, while Cooper Farms invoked force majeure on certain customers (primarily shell egg / table egg customers) at the time of the initial farm infection in December of 2024, it was not until continued infections spread that it impacted Café Valley's volume.  On February 7, 2025, Cooper Farms validly notified Café Valley, along with other customers, of a force majeure event based on the Avian Influenza outbreak, and that force majeure event ceased as to Café Valley on October 6, 2025.  Further answering, denies the remaining allegations in Paragraph 4 of the Complaint.

5.     States the allegations in Paragraph 5 of the Complaint are legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, denies the allegations in Paragraph 5 of the Complaint.  Further answering, see Paragraph 4 of this Answer.

6.     Admits that force majeure was not declared with regard to cage free liquid egg products under the Egg Supply Agreement and that cage-free liquid and conventional liquid eggs are and were subject to different pricing, including under the Egg Supply Agreement.  Further answering, denies the remaining allegations in Paragraph 6 of the Complaint.

2

7.      Denies the allegations in Paragraph 7 of the Complaint.

8.      States the allegations in Paragraph 8 of the Complaint are legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, denies the allegations in Paragraph 8 of the Complaint.

9.      Admits the allegations in Paragraph 9 of the Complaint.

10.     Denies the allegations in Paragraph 10 of the Complaint.

11.     Denies the allegations in Paragraph 11 of the Complaint.

12.     States the allegations in Paragraph 12 of the Complaint are legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, Cooper Farms states that, during the force majeure event, it did allocate to its customer, including to Café Valley, in a commercially responsible manner, the limited available conventional liquid egg product produced by Cooper Farms' laying hens, and denies the remaining allegations in Paragraph 12 of the Complaint.

13.     States the allegations in Paragraph 13 of the Complaint are legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, Cooper Farms denies the allegations in Paragraph 13 of the Complaint.

14.     Denies the allegations in Paragraph 14 of the Complaint.

15.     Admits that Cooper Farms employees attended Expo West, and denies the remaining allegations in Paragraph 15 of the Complaint.

16.     States the allegations in Paragraph 16 of the Complaint are legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, denies the allegations in Paragraph 16 of the Complaint.

17.     States the allegations in Paragraph 17 of the Complaint are legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, denies the allegations in Paragraph 17 of the Complaint.

18.     States the allegations in Paragraph 18 of the Complaint are legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, denies the allegations in Paragraph 18 of the Complaint.

19.     Admits the allegations in Paragraph 19 of the Complaint.

20.     Denies that Cooper Farms' principal place of business is in "Pauling County." Further answering, admits that Cooper Farms is an Ohio corporation with its principal place of business located at 22348 Road 140 Oakwood, Paulding County, Ohio.

21.     Admits the allegations in Paragraph 21 of the Complaint.

22.     Denies the allegations in Paragraph 22 of the Complaint.

23.     Denies the allegations in Paragraph 23 of the Complaint.

24.     States it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint, and therefore denies the same.

25.     States it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint, and therefore denies the same.

26.     States it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint, and therefore denies the same.

27.     States it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint, and therefore denies the same.

28.     States it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint, and therefore denies the same.

29.    States it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint, and therefore denies the same.

30.    States it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint, and therefore denies the same.  Further answering, see Paragraph 4 of this Answer.

31.    Admits Cooper Farms is a farm and food company that produces and sells shell eggs, liquid egg products, turkey products, and hogs.  Further answering, Cooper Farms sells some additional cooked products.  Further answering, Cooper Farms denies the remaining allegations in Paragraph 31 of the Complaint.

32.    Admits that Cooper Farms has an egg breaking plant, which it uses to break eggs, primarily under-grade eggs and eggs from the beginning and end of flock cycles, to produce liquid egg products.  Further answering, Cooper Farms denies the remaining allegations in Paragraph 32 of the Complaint.

33.    Admits that Cooper Farms is vertically integrated in the sense that it owns its own laying hens, and that a portion of the eggs from those laying hens are used to produce Cooper Farms' liquid egg products, including those liquid egg products that have been sold to Café Valley.  Further answering, Cooper Farms denies the remaining allegations in Paragraph 33 of the Complaint.

34.    States that, by far, its predominant source of eggs is its own laying hens.  Further answering, admits only that Cooper Farms has purchased a *de minimus* number of outside eggs for breaking in the past. Further answering, denies the implication that Cooper Farms regularly sources eggs from other farming operations, and denies the remaining allegations in Paragraph 34 of the Complaint.

35. States that, by far, its predominant source of eggs is its own laying hens.  Further answering, admits only that Cooper Farms has purchased a *de minimus* number of outside eggs for breaking in the past. Further answering, denies the implication that Cooper Farms regularly sources eggs from other farming operations, and denies the remaining allegations in Paragraph 35 of the Complaint.

36. Admits the allegations in Paragraph 36 of the Complaint.

37. States that, by far, its predominant source of eggs is its own laying hens.  Further answering, admits that its egg breaking plant has the theoretical and mechanical capability of breaking eggs from any source, and denies the remaining allegations in Paragraph 37 of the Complaint.

38. Cooper Farms states that, by far, its predominant source of eggs is its own laying hens.  Further answering, admits that its egg breaking plant has the theoretical and mechanical capability of breaking eggs from any source, and denies the remaining allegations in Paragraph 38 of the Complaint.

39. Admits that Cooper Farms and Café Valley entered into the Egg Supply Agreement attached to the Stipulation filed in this case on July 24, 2025, with the confidential information in the Egg Supply Agreement redacted.  Further answering, Cooper Farms denies the remaining allegations in Paragraph 39 of the Complaint.

40. States that the Egg Supply Agreement was mutually drafted by Cooper Farms and Café Valley, with Cooper Farms preparing the initial draft and providing the same to Cafe Valley for review.  Further answering, Cooper Farms and Café Valley mutually agreed to and executed the Egg Supply Agreement following Café Valley's review and the inclusion of any new or

different terms that Café Valley proposed that were acceptable to Cooper Farms.  Further answering, Cooper Farms denies the remaining allegations in Paragraph 40 of the Complaint.

41.     States the Egg Supply Agreement speaks for itself and denies any misstatements and/or mischaracterizations of the Egg Supply Agreement contained in Café Valley's Complaint. Further answering, admits the allegations in Paragraph 41 of the Complaint.

42.     Denies the allegations in Paragraph 42 of the Complaint.  Further answering, Cooper Farms specifically denies the allegations that the Egg Supply Agreement required Cooper Farms to "supply all of Café Valley's requirements for egg products," and states that Cooper Farms was never the sole supplier of Café Valley's egg products.

43.     States the Egg Supply Agreement speaks for itself and denies any misstatements and/or mischaracterizations of the Egg Supply Agreement contained in Café Valley's Complaint. Further answering, admits the allegations in Paragraph 43 of the Complaint.

44.     States the allegations in Paragraph 44 of the Complaint are legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, states the Egg Supply Agreement speaks for itself and denies any misstatements and/or mischaracterizations of the Egg Supply Agreement contained in Café Valley's Complaint.  Further answering, states the Egg Supply Agreement was a grain-based contract, providing for egg products sourced by Cooper Farms' laying hens and fed by Cooper-Farms' purchased grain, and denies the remaining allegations in Paragraph 44 of the Complaint.

45.     States the allegations in Paragraph 45 of the Complaint are legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, states the Egg Supply Agreement speaks for itself and denies any misstatements and/or mischaracterizations of the Egg Supply Agreement contained in Café Valley's Complaint.  Further

answering, states the Egg Supply Agreement was a grain-based contract, providing for egg products sourced by Cooper Farms' laying hens and fed by Cooper-Farms' purchased grain, and denies the remaining allegations in Paragraph 45 of the Complaint.

46.     States the allegations in Paragraph 46 of the Complaint are legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, states the Egg Supply Agreement speaks for itself and denies any misstatements and/or mischaracterizations of the Egg Supply Agreement contained in Café Valley's Complaint.  Further answering, states the Egg Supply Agreement was a grain-based contract, providing for egg products sourced by Cooper Farms' laying hens and fed by Cooper-Farms' purchased grain, and denies the remaining allegations in Paragraph 46 of the Complaint.

47.     Admits that from December 21, 2022 until force majeure was declared on February 7, 2025, Cooper Farms timely and fully filled the orders Café Valley made under the Egg Supply Agreement based upon the specific pricing mechanism in the Egg Supply Agreement, which was directly tied to Cooper Farms' costs in producing the underlying eggs as only eggs from Cooper Farms' laying hens were to be utilized to fill the orders for the Cooper Farms products to be delivered to Café Valley.  Further answering, during the force majeure event, Cooper Farms used commercially responsible efforts in filling conventional liquid egg orders for Café Valley despite the Avian Influenza outbreak, and did so on or about February 26, 2025; August 25, 2025; September 2, 2025; September 8, 2025; September 15, 2025; September 22, 2025; and September 29, 2025, with those orders totaling over 255,000 pounds of conventional liquid egg product. Further answering, denies the remaining allegations in Paragraph 47 of the Complaint.

48.     States that any order from Café Valley Cooper Farms was unable to fill in full was during and because of the force majeure event which commenced on February 7, 2025 due to the

Avian Influenza outbreak.  Further answering, during the force majeure event, Cooper Farms used commercially responsible efforts in filling conventional liquid egg orders for Café Valley despite the Avian Influenza outbreak, and did so on or about February 26, 2025; August 25, 2025; September 2, 2025; September 8, 2025; September 15, 2025; September 22, 2025; and September 29, 2025, with those orders totaling over 255,000 pounds of conventional liquid egg products. Further answering, see Paragraph 4 of this Answer.  Further answering, denies the remaining allegations in Paragraph 48 of the Complaint.

49.     States the allegations in Paragraph 49 of the Complaint are legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, denies the allegations in Paragraph 49 of the Complaint.

50.     Denies the allegations in Paragraph 50 of the Complaint.

51.     Admits that Mr. Linder participated in a trade show on behalf of Cooper Farms in Anaheim, California earlier this year to show customers and potential customers different types of Cooper Farms eggs products produced from Cooper Farms' laying hens.  Further answering, denies the remaining allegations in Paragraph 51 of the Complaint.

52.     Admits Cooper Farms participated in a trade show in Anaheim, California earlier this year to show customers and potential customers different types of Cooper Farms eggs products produced from Cooper Farms' laying hens.  Further answering, denies the remaining allegations in Paragraph 52 of the Complaint.

53.     Denies the allegations in Paragraph 53 of the Complaint.

54.     Admits the allegations in Paragraph 54 of the Complaint.

55.     Denies the allegations in Paragraph 55 of the Complaint.

56.     States the allegations in Paragraph 56 of the Complaint are legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, denies the allegations in Paragraph 56 of the Complaint.

57.     Admits that during the force majeure event, Cooper Farms did not source eggs on the spot market or otherwise obtain eggs from on the spot market to supply Café Valley, nor was Cooper Farms legally or contractually obligated to do so.  Further answering, denies the remaining allegations in Paragraph 57 of the Complaint.

58.     Denies the allegations in Paragraph 58 of the Complaint.

59.     Denies the allegations in Paragraph 59 of the Complaint.

60.     Denies the allegations in Paragraph 60 of the Complaint.

61.     Admits that during the force majeure event Cooper Farms did not source eggs on the spot market or otherwise obtain eggs from on the spot market to supply Café Valley, nor was Cooper Farms legally or contractually obligated to do so.  Further answering, denies the remaining allegations in Paragraph 61 of the Complaint.

62.     Admits that Avian Influenza was a going-forward risk that was foreseeable to both Cooper Farms and Café Valley, which is why the parties specifically agreed in advance in the Egg Supply Agreement, as an express condition of agreeing to do business together in the first place, to make the occurrence of an Avian Influenza outbreak a force majeure event for which Cooper Farms "shall not be liable" to Café Valley "for failure or delay in performance."  Further answering, see Paragraph 4 of this Answer.  Further answering, denies the remaining allegations in Paragraph 62 of the Complaint.

63.     Denies the allegations in Paragraph 63 of the Complaint.

64.     States that, by far, its predominant source of eggs is its own laying hens.  Further answering, admits that its egg breaking plant has the theoretical and mechanical capability of breaking eggs from any source and that Cooper Farms can enter contracts of various types.  Further answering, see Paragraph 4 of this Answer.  Further answering, denies the remaining allegations in Paragraph 64 of the Complaint.

65.     Denies the allegations in Paragraph 65 of the Complaint.

66.     Denies the allegations in Paragraph 66 of the Complaint.

67.     Admits that Cooper Farms sold liquid egg products derived from its cage-free eggs during the force majeure event, including through ECI.  Denies that Cooper Farms sold any liquid egg products through Eggs Unlimited during the force majeure event, and denies the remaining allegations in Paragraph 67 of the Complaint.

68.     Cooper Farms admits that, after declaring force majeure, of what liquid egg product it had available, it sold over 100,000 pounds to customers other than Café Valley.  Further answering, during this same time period, Cooper Farms sold over 313,000 pounds of liquid egg product to Café Valley.  Further answering, denies the remaining allegations in Paragraph 68 of the Complaint.

69.     States the allegations in Paragraph 69 of the Complaint are legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, denies the allegations in Paragraph 69 of the Complaint.

70.     States the allegations in Paragraph 70 of the Complaint are legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, denies that Cooper Farms failed to use commercially responsible efforts to allocate egg products to its customers, and denies the remaining allegations in Paragraph 70 of the Complaint.

71.     Cooper Farms denies the allegations in Paragraph 71 of the Complaint.

72.     Cooper Farms denies the allegations in Paragraph 72 of the Complaint.

73.     Cooper Farms states that the Egg Supply Agreement terminates on December 21, 2025.  Further answering, denies the remaining allegations in Paragraph 73 of the Complaint.

74.     States the allegations in Paragraph 74 of the Complaint are legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, denies that Cooper Farms failed to use commercially responsible efforts to allocate egg products to its customers, and denies the remaining allegations in Paragraph 74 of the Complaint.

75.     States the allegations in Paragraph 75 of the Complaint are legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, denies that Cooper Farms failed to use commercially responsible efforts to allocate egg products to its customers, and denies the remaining allegations in Paragraph 75 of the Complaint.

76.     States the allegations in Paragraph 76 of the Complaint are legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, denies that Cooper Farms failed to use commercially responsible efforts to allocate egg products to its customers, and denies the remaining allegations in Paragraph 76 of the Complaint.

77.     For its response to Paragraph 77 of the Complaint, Cooper Farms incorporates fully by reference Paragraphs 1 through 76 of this Answer.

78.     States that the Egg Supply Agreement was mutually drafted by Cooper Farms and Café Valley, with Cooper Farms preparing the initial draft and providing the same to Cafe Valley for review.  Further answering, Cooper Farms and Café Valley mutually agreed to and executed the Egg Supply Agreement following Café Valley's review and the inclusion of any new or different terms that Café Valley proposed that were acceptable to Cooper Farms.  Further

answering, admits the Egg Supply Agreement is an enforceable contract between Cooper Farms and Café Valley.  Further answering, denies the remaining allegations in Paragraph 78 of the Complaint.

79.     States the allegations in Paragraph 79 of the Complaint are legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, denies the allegations in Paragraph 79 of the Complaint.

80.     States the allegations in Paragraph 80 of the Complaint are legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, states the Egg Supply Agreement speaks for itself and denies any misstatement and/or mischaracterization of the Egg Supply Agreement in Café Valley's Complaint.  Further answering, denies the allegations in Paragraph 80 of the Complaint.

81.     States the Egg Supply Agreement terminates on December 21, 2025, and denies the remaining allegations in Paragraph 81 of the Complaint.

82.     Denies the allegations in Paragraph 82 of the Complaint.

83.     States the allegations in Paragraph 83 of the Complaint are legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, denies the allegations in Paragraph 83 of the Complaint.

84.     States the allegations in Paragraph 84 of the Complaint are legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, denies the allegations in Paragraph 84 of the Complaint.

85.     States the allegations in Paragraph 85 of the Complaint are legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, denies the allegations in Paragraph 85 of the Complaint.

86.     States the allegations in Paragraph 86 of the Complaint are legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, denies the allegations in Paragraph 86 of the Complaint.

87.     States the allegations in Paragraph 87 of the Complaint are legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, denies the allegations in Paragraph 87 of the Complaint.

88.     States the allegations in Paragraph 88 of the Complaint are legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, denies the allegations in Paragraph 88 of the Complaint.

89.     States the allegations in Paragraph 89 of the Complaint are legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, denies the allegations in Paragraph 89 of the Complaint.

90.     States the allegations in Paragraph 90 of the Complaint are legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, denies the allegations in Paragraph 90 of the Complaint.

91.     States the allegations in Paragraph 91 of the Complaint are legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, denies the allegations in Paragraph 91 of the Complaint.

92.     States the allegations in Paragraph 92 of the Complaint are legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, denies the allegations in Paragraph 92 of the Complaint.

93.     States the allegations in Paragraph 93 of the Complaint are legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, denies the allegations in Paragraph 93 of the Complaint.

94.     States the allegations in Paragraph 94 of the Complaint are legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, denies the allegations in Paragraph 94 of the Complaint.

95.     States the allegations in Paragraph 95 of the Complaint are legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, Cooper Farms states it did fairly and in a commercially responsible manner allocate the limited egg supply available to its customers, including Café Valley, after force majeure was declared due to the Avian Influenza outbreak, and further answering, denies the remaining allegations in Paragraph 95 of the Complaint.

96.     States the allegations in Paragraph 96 of the Complaint are legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, denies the allegations in Paragraph 96 of the Complaint.

97.     States the allegations in Paragraph 97 of the Complaint are legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, denies the allegations in Paragraph 97 of the Complaint.

98.     States the Egg Supply Agreement terminates on December 21, 2025, and denies the remaining allegations in Paragraph 98 of the Complaint.

99.     For its response to Paragraph 99 of the Complaint, Cooper Farms incorporates fully by reference Paragraphs 1 through 98 of this Answer.

100.     States the allegations in Paragraph 100 of the Complaint are legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, denies the allegations in Paragraph 100 of the Complaint.

101.     States the allegations in Paragraph 101 of the Complaint are legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, denies the allegations in Paragraph 101 of the Complaint.

102.     States the allegations in Paragraph 102 of the Complaint are legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, denies the allegations in Paragraph 102 of the Complaint.

103.     States the allegations in Paragraph 103 of the Complaint are legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, denies the allegations in Paragraph 103 of the Complaint.

104.     For its response to Paragraph 104 of the Complaint, Cooper Farms incorporates fully by reference Paragraphs 1 through 103 of this Answer.

105.     States the allegations in Paragraph 105 of the Complaint are legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, denies the allegations in Paragraph 105 of the Complaint.

106.     States the allegations in Paragraph 106 of the Complaint are legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, denies the allegations in Paragraph 106 of the Complaint.

107.     States the allegations in Paragraph 107 of the Complaint are legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, denies the allegations in Paragraph 107 of the Complaint.

108.    States the allegations in Paragraph 108 of the Complaint are legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, denies the allegations in Paragraph 108 of the Complaint.

109.    States the allegations in Paragraph 109 of the Complaint are legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, denies the allegations in Paragraph 109 of the Complaint.

110.    States the allegations in Paragraph 110 of the Complaint are legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, denies the allegations in Paragraph 110 of the Complaint.

111.    States the allegations in Paragraph 111 of the Complaint are legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, denies the allegations in Paragraph 111 of the Complaint.

112.    States the allegations in Paragraph 112 of the Complaint are legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, denies the allegations in Paragraph 112 of the Complaint.

113.    States the allegations in Paragraph 113 of the Complaint are legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, denies the allegations in Paragraph 113 of the Complaint.

114.    States the allegations in Paragraph 114 of the Complaint are legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, denies the allegations in Paragraph 114 of the Complaint.

115.    States the allegations in Paragraph 115 of the Complaint are legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, denies the allegations in Paragraph 115 of the Complaint.

116.    States the allegations in Paragraph 116 of the Complaint are legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, denies the allegations in Paragraph 116 of the Complaint.

117.    States the allegations in Paragraph 117 of the Complaint are legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, denies the allegations in Paragraph 117 of the Complaint.

118.    States the allegations in Paragraph 118 of the Complaint are legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, denies the allegations in Paragraph 118 of the Complaint.

119.    Denies each and every remaining allegation contained in Plaintiff's Complaint, including, but not limited to, the allegations in the prayer for relief, not otherwise expressly admitted herein to be true.

## SECOND DEFENSE

120.    The Complaint fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

121.    The Complaint fails due to lack of personal jurisdiction, improper venue, and/or *forum non conveniens*.

## FOURTH DEFENSE

122.    Plaintiff's Complaint is barred in whole or in part by Plaintiff's waiver and/release of Cooper Farms with regard to the claims and/or damages sought in this case.

**FIFTH DEFENSE**

123.     Plaintiff's requested declaration does not meet the procedural or substantive requirements of controlling law.

**SIXTH DEFENSE**

124.     Plaintiff's Complaint is barred in whole or in part by Plaintiff's failure to mitigate damages and/or by other actions and/or inactions of Plaintiff and/or third parties not controlled by Cooper Farms which proximately caused some or all of the damages for which Plaintiff now complains.

**SEVENTH DEFENSE**

125.     Plaintiff's Complaint is barred in whole or in part by the existence and terms of the Egg Supply Agreement between the parties and/or by Cooper Farms' good faith performance of and compliance with the Egg Supply Agreement.

**EIGHTH DEFENSE**

126.     Plaintiff's Complaint may be barred in whole in part by the applicable statute of frauds.

**NINTH DEFENSE**

127.     The force majeure provision in the Egg Supply Agreement specifically excuses Cooper Farms' performance and bars Plaintiff's claims.

**TENTH DEFENSE**

128.     Damages, if any, sustained by Plaintiff were proximately caused and/or contributed to by Plaintiff and/or third parties over whom Cooper Farms exercised no control and not by any act or omission of Cooper Farms.

## ELEVENTH DEFENSE

129.     Damages, if any, sustained by Plaintiff were the result of Plaintiff's failure to adhere to commercially reasonable standards.

## TWELFTH DEFENSE

130.     Plaintiff is not entitled to attorney fees and expenses by law or agreement.

## THIRTEENTH DEFENSE

131.     Plaintiff's Complaint is barred in whole or in part by the doctrines of commercial impossibility, impracticality and/or frustration of purpose.

## FOURTEENTH DEFENSE

132.     Plaintiff's Complaint is barred in whole or in part by controlling provisions of the Uniform Commercial Code as adopted in the State of Ohio.

## FIFTEENTH DEFENSE

133.     Cooper Farms is absolved in whole or in part from any and all liability for the wrongs alleged in the Complaint by reason of its compliance with all statutes, regulations, or other laws in effect at the time of the conduct alleged in the Complaint.

## SIXTEENTH DEFENSE

134.     Cooper Farms reserves the right to assert any and all other or additional affirmative defenses, or to modify the foregoing affirmative defenses, as discovery and/or ongoing proceedings reveal to be appropriate.

WHEREFORE, having fully answered the Complaint, defendant Cooper Farms, Inc. respectfully requests that the same be dismissed with prejudice, that it be awarded its fees and costs, and that the Court award it such other and additional relief as the Court deems just and equitable.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT OF
## DEFENDANT COOPER FARMS, INC.

Without waiving and while expressly preserving its above affirmative defenses, including, but not limited to, those regarding jurisdiction and venue, Defendant Cooper Farms, Inc. ("Cooper Farms"), for its counterclaim for declaratory judgment against Plaintiff Café Valley, Inc. ("Café Valley"), avers as follows:

1.      Cooper Farms incorporates fully by reference its above Answer and Affirmative Defenses to Café Valley's Complaint.

2.      The Egg Supply Agreement attached to the Stipulation filed in this case on July 24, 2025, including the redacted confidential portions (Exhibits A, B & C thereto), is a valid and enforceable contract between Cooper Farms and Café Valley.

3.      There is a ripe actionable and justiciable controversy between Cooper Farms and Café Valley regarding certain of the parties' rights and responsibilities under the Egg Supply Agreement, which this Court can resolve through declaration pursuant to Ohio Revised Code § 2721.02 and/or 28 U.S.C. §2201.  That ripe actionable and justiciable controversy for which a declaratory judgment is sought includes, but is not limited to:

A.   The interpretation of any provision of the Egg Supply Agreement that is in dispute between the parties, including, but not limited to, paragraph 11 (force majeure), and any dispute between the parties about the products agreed to be supplied and purchased under the Egg Supply Agreement;

B.   Whether the Avian Influenza outbreak at Cooper Farms constituted a force majeure event under the Egg Supply Agreement;

C.   Whether Café Valley waived its right to hold Cooper Farms liable for any damages Café Valley allegedly incurred as a result of and during the force majeure event;

D.  Whether Cooper Farms' allocation of the egg supply available during the force majeure event met any obligation Cooper Farms had under the Egg Supply Agreement to engage in commercially responsible efforts to mitigate the effects of the force majeure event;

E.  Whether the Egg Supply Agreement required Cooper Farms to purchase eggs from outside sources during the force majeure event to have complied with any obligation to use commercially responsible efforts to mitigate the effects of the force majeure event;

F.  Whether the Egg Supply Agreement required Cooper Farms to continue to fully fill Café Valley's purchase orders during the force majeure event; and

G.  Whether Cooper Farms engaged in commercially responsible efforts to mitigate the effects of the force majeure event; and, alternatively, whether Café Valley waived its right to hold Cooper Farms liable for any failure by Cooper Farms (which Cooper Farms denies) to engage in commercially responsible efforts to mitigate the effects of the force majeure event.

4.      Cooper Farms requests a declaratory judgment be entered in its favor on all of the above issues.

5.      Declaratory relief from this Court will terminate the controversy and/or remove any uncertainty giving rise to this action and is necessary to preserve the parties' rights.  Such a declaratory judgment is necessary and appropriate at this time given the pending controversy between Cooper Farms and Café Valley.

### PRAYER FOR RELIEF

For the above reasons, Cooper Farms requests this Court enter declaratory judgment in favor of Cooper Farms and against Café Valley on the issues raised by this Counterclaim and grant such other and further relief to Cooper Farms as the Court may deem appropriate.

Respectfully submitted,

/s/ Joel E. Sechler
Joel E. Sechler (0076320)
Theodore M. Munsell (0022055)
Jill Rogers Spiker (0091446)
CARPENTER LIPPS LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio  43215
(614) 365-4100
(614) 365-9145 (Facsimile)
sechler@carpenterlipps.com
munsell@carpenterlipps.com
spiker@carpenterlipps.com

Attorneys for Defendant/Counterclaim
Plaintiff Cooper Farms, Inc.

## JURY DEMAND

Cooper Farms, Inc. hereby respectfully demands a jury of the maximum number of jurors permitted by law on all issues so triable.

/s/  Joel E. Sechler
Joel E. Sechler (0076320)

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was filed electronically on October 7, 2025.  Notice of this filing will be sent by the Court's electronic filing system to all parties who have entered an appearance through counsel by operation of the Court's electronic filing ("ECF") system.  The parties may access this filing through the Court's ECF system.

/s/ Joel E. Sechler
One of the Attorneys for
Defendant/Counterclaim Plaintiff
Cooper Farms, Inc.

941215