**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| Café Valley, Inc., | : | |
| | : | Civil Action No. 3:25-cv-00884-JZ |
| Plaintiff, | : | |
| | : | Judge Jack Zouhary |
| v. | : | Magistrate Judge Darrell A. Clay |
| | : | |
| Cooper Farms, Inc., | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT COOPER FARMS, INC.'S
MOTION TO AMEND AND RE-ENTER SEPTEMBER 23, 2025 ORDER
TO CERTIFY FOR INTERLOCUTORY APPEAL**

Defendant Cooper Farms, Inc. moves the Court under 28 U.S.C. § 1292 to amend and reenter its September 23, 2025 Order to certify an interlocutory appeal. In that order, the Court considered the forum selection clause in the parties' contract selecting the courts "of the state of Ohio" as the appropriate forum and decided to retain jurisdiction of this matter. As set forth more fully in the attached memorandum in support, good grounds exist for certification of an appeal under the applicable Section 1292(b) factors. Cooper Farms therefore respectfully requests that the Court grant its motion and amend and reenter its September 23, 2025 Order to state that it "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," certifying it for an interlocutory appeal.

1

Respectfully submitted,

/s/ Joel E. Sechler
Joel E. Sechler (0076320)
Theodore M. Munsell (0022055)
Jill Rogers Spiker (0091446)
CARPENTER LIPPS LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio  43215
(614) 365-4100
(614) 365-9145 (Facsimile)
sechler@carpenterlipps.com
munsell@carpenterlipps.com
spiker@carpenterlipps.com

Attorneys for Defendant
Cooper Farms, Inc.

2

**MEMORANDUM IN SUPPORT OF**
**DEFENDANT COOPER FARMS, INC.'S**
**MOTION TO AMEND AND RE-ENTER SEPTEMBER 23, 2025 ORDER**
**TO CERTIFY FOR INTERLOCUTORY APPEAL**

## I.     INTRODUCTION

The Court's recent order retaining jurisdiction over this case diverges from the reasoning of the majority of federal courts of appeals that have decided the same question. To date, the Sixth Circuit has not weighed in on the interpretation of the forum selection clause at issue. To avoid unnecessary use of judicial resources if the Sixth Circuit ultimately sides with the majority—which would nullify the result of any federal trial and require Café Valley to refile its complaint in state court—Cooper Farms submits that an interlocutory appeal is appropriate.

Cooper Farms therefore respectfully requests that the Court certify for an interlocutory appeal the following controlling question of law decided by the Order: where a forum selection clause requires suit to be filed in the courts "of the state of Ohio," does that language preclude litigating in a federal forum?

## II.    ARGUMENT

Cooper Farms can only appeal the Court's Order with the Court's written permission under 28 U.S.C. § 1292. That statute allows an interlocutory appeal when the district judge making the order certifies in the order that it "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Id.* §1292(b).

Each element is met here: (1) whether the forum selection clause unambiguously makes Ohio state courts the exclusive forum for the parties' dispute is a determining factor as to whether this Court can retain jurisdiction over the case; (2) interpretation of identical language in forum selection clauses is the subject of inter- and intra-circuit splits on which the Sixth Circuit has not

3

yet opined; and (3) resolution of that question in Cooper Farm's favor would end this litigation in federal court.

### A.  The Order Decides a Controlling Question of Law.

The first criteria for certification for interlocutory appeal is whether the Order involves a "question of law" that is "controlling." *In re Trump*, 874 F.3d 948, 951 (6th Cir. 2017). Under Ohio law, interpretation of an unambiguous forum selection clause at the pleading stage is a question of law. *Keehan Tenn. Inv., L.L.C. v. Praetorium Secured Fund I, L.P.*, 71 N.E.3d 325, 331 (Ohio Ct. App. 2016). In its September 23, 2025 Order, the Court interpreted the forum selection clause in the parties' agreement as a matter of law and concluded that it did not make Ohio state courts the exclusive forum for disputes between the parties.

That question is "controlling" under Section 1292(b). "A matter of law is 'controlling' if its resolution could materially affect the litigation's outcome." *W. Tenn. Chapter of Associated Builders & Contractors, Inc. v. City of Memphis*, 138 F. Supp. 2d 1015, 1018 (W.D. Tenn. 2000). An issue can also be considered controlling "if its resolution has precedential value," or if resolution "would save the Court and the litigants substantial time and resources." *Id.* at 1018-19.

The Court's decision in this case is effectively one of forum non conveniens. *See Firexo, Inc. v. Firexo Grp. Ltd*., 99 F.4th 304 (6th Cir. 2024). Multiple courts have recognized that such "determinations . . . involve controlling issues of law." *Figueiredo Ferraz Consultoria E Engenharia De Projeto Ltda. v. Republic of Peru*, No. 08 CIV. 492 (WHP), 2009 WL 5177977, *1 (S.D.N.Y. Dec. 15, 2009) ("*Forum non conveniens*, the existence of a valid forum selection clause, and principles of comity are defenses which, if valid, require dismissal of an action."); *see also, e.g.*, *Baton v. Ledger SAS*, No. 21-CV-02470-EMC, 2025 WL 1866348, *3 (N.D. Cal. July 7, 2025) (holding that order dismissing on forum-selection-clause grounds raised a controlling

4

question of law); *Red Bull Assocs. v. Best W. Int'l, Inc.,* 686 F. Supp. 447, 453 (S.D.N.Y. 1988) (noting that "the increasing use of forum selection clauses in a wide variety of commercial contracts" makes their application in specific contexts not "unlikely to recur in the future"); *Ford v. Big Daddy Drayage LLC*, 559 F. App'x 222, 223–24 (4th Cir. 2014) (deciding an interlocutory appeal of an order denying a motion to dismiss on forum-selection-clause grounds). The first element is therefore met.

### B.  A Wide Circuit Court Split Demonstrates Substantial Ground for Difference of Opinion.

For the second element, "[a] substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution." *In re Trump*, 874 F.3d 948, 952 (6th Cir. 2017) (quoting *Reese v. BP Exploration, Inc.*, 643 F.3d 681, 688 (9th Cir. 2011)). To evaluate this element, courts in the Sixth Circuit typically consider whether one of the following applies:

(1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions;

(2) the question is difficult and of first impression;

(3) a difference of opinion exists within the controlling circuit; or

(4) the circuits are split on the question.

*In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013) (quoting *City of Dearborn v. Comcast of Mich. III, Inc.*, No. 08–10156, 2008 WL 5084203, *3 (E.D. Mich. Nov. 24, 2008)); *see also Deutsche Bank Nat. Tr. Co. v. Weickert*, 638 F. Supp. 2d 826, 831 (N.D. Ohio 2009) (certifying an interlocutory appeal because "this is an issue of first impression for the Sixth Circuit; and courts within the Northern District of Ohio are split"). Here, the third and fourth category apply.

The Court read *Cadle Co. v. Reiner, Reiner & Bendett,* 307 F. App'x 884, 885 (6th Cir. 2009), as applicable here, but neither that case nor any other Sixth Circuit holding has addressed

the language at issue.  There is substantial ground for difference of opinion as to whether the Sixth Circuit would extend the reasoning of *Cadle* to apply here, and the Court acknowledges that a circuit split exists as to the language at issue in this case: "Cooper bases its argument on several out-of-circuit cases that distinguish 'courts of this State' (sovereignty) from 'courts in this State' (geography). . . . These authorities from other circuits are neither binding nor uniform." Order at 4 (citations omitted) (noting that other courts "have criticized overreliance on the 'of vs in' distinction").

As Cooper Farms identified in its jurisdictional briefing, nearly all circuit courts to have considered the issue have agreed with Cooper Farms' position. *See, e.g.*, *LFC Lessors, Inc. v. Pac. Sewer Maint. Corp.*, 739 F.2d 4, 6 (1st Cir. 1984) (interpreting the phrase "in accordance with the law, and in the courts, of the Commonwealth of Massachusetts" to mean "only those courts that trace their origin to the state"); *New Jersey v. Merrill Lynch & Co.*, 640 F.3d 545, 448, 550 (3d Cir. 2011) (holding that the forum-selection clause identifying "the appropriate courts of the State" of New Jersey required the parties "to litigate all contractual disputes in the state courts of New Jersey"); *FindWhere Holdings, Inc. v. Sys. Env't Optimization, LLC*, 626 F.3d 752, 755 (4th Cir. 2010) ("As federal courts are not courts 'of' the state of Virginia, the contract language at issue refers to sovereignty rather than geography and limits jurisdiction over the parties' dispute to state court."); *Dixon v. TSE Int'l Inc.*, 330 F.3d 396, 398 (5th Cir. 2003) ("Federal district courts may be *in* Texas, but they are not *of* Texas."); *Seafarers Pension Plan ex rel. Boeing Co. v. Bradway*, 23 F.4th 714, 721 (7th Cir. 2022) ("Most circuits treat forum-selection clause references to courts 'of ' a state as not including federal courts in the state, but references to courts 'in' a state as including both state and federal courts located in the state."); *Simonoff v. Expedia, Inc.*, 643 F.3d 1202, 1205–06 (9th Cir. 2011) (recognizing the rule "that a forum selection clause that specifies

'courts of' a state limits jurisdiction to state courts, but specification of 'courts in' a state includes both state and federal courts."); *Am. Soda, LLP v. U.S. Filter Wastewater Grp., Inc.*, 428 F.3d 921, 926 (10th Cir. 2005) (holding that "the federal court located in Colorado is not a court *of the State* of Colorado but rather a court *of the United States of America*. In other words, the contract language at issue refers to sovereignty rather than geography.").

Other district courts within the Sixth Circuit have also adopted this majority approach. *E.g.*, *AAECON Gen. Contracting, LLC v. JD Martin Constr. Servs. Inc.*, No. 3:19-CV-555-RGJ, 2020 WL 12812019, *2 (W.D. Ky. July 9, 2020) (interpreting "Courts of the State of Kentucky" as "excluding federal courts from the selected forum"); *Total Quality Logistics v. Cavendish Farms, Inc.*, No. 1:09-CV-221, 2010 WL 348316, *4 (S.D. Ohio Jan. 26, 2020) (interpreting "courts 'of the state'" to include "only state courts and not federal courts within that state"); *Setzer v. Natixis Real Est. Cap., Inc.*, 537 F. Supp. 2d 876, 879 (E.D. Ky. 2008) ("By definition, United States District Courts are not courts *of* the State of New York—they are courts *of* the United States, a proposition with which other Circuits agree.").

On the other hand, the Eleventh Circuit agreed with this Court's approach to this contractual language. *Stateline Power Corp. v. Kremer*, 148 F. App'x 770, 771 (11th Cir. 2005) (per curiam) (reversing remand order on ambiguity grounds and because the forum selection clause was permissive rather than mandatory).

Café Valley agrees that the issue presents a circuit split. (Doc. 17 at 3.) In addition, the Court had to distinguish the only Sixth Circuit case on the topic in order to reach its conclusion in the Order. (Doc. 19 at 5 (distinguishing *Basicomputer Corp. v. Scott*, 973 F.2d 507 (6th Cir. 1992)); *see also Simonoff*, 643 F.3d at 1206 n.1 (listing the *Basicomputer* holding among decisions treating "in" as "geographical," and "of" as meaning "sovereign").

### C.  Immediate Appeal May Materially Advance Termination of This Litigation in Federal Court.

The third element of interlocutory appeal under Section 1292(b) is also present here because an immediate appeal could end Café Valley's suit in federal court. "Interlocutory appeal is favored where reversal would substantially alter the course of the district court proceedings or relieve the parties of significant burdens. . . . Interlocutory appeal is most appropriate early in the proceedings." *W. Tenn. Chapter of Associated Builders & Contractors, Inc. v. City of Memphis*, 138 F. Supp. 2d 1015, 1026 (W.D. Tenn. 2000). This case was just filed in May and has not yet proceeded past the pleadings stage.  As in other cases where courts have certified an interlocutory appeal of a jurisdictional question, an early appeal will advance the litigation by ending the federal court litigation before the parties get too far in the merits. *E.g.*, *Deutsche Bank*, 638 F. Supp. 2d at 831 (noting that reversal on an issue of federal jurisdiction "would terminate this action in federal court" and thereby "materially advance[]" the litigation); *see also Sheet Metal Emps. Indus. v. Absolut Balancing Co.*, 830 F.3d 358, 360 (6th Cir. 2016) (deciding interlocutory appeal of whether the parties dispute should be decided in arbitration); *Buckeye Inst. v. Internal Revenue Serv.*, No. 2:22-CV-4297, 2024 WL 770872, *1 (S.D. Ohio Feb. 26, 2024) (certifying an appeal that "will reduce the risk of having to repeat trial").

### III.    CONCLUSION

The Court's decision to retain jurisdiction over this case meets all the elements necessary for interlocutory appeal under Section 1292. It decides a controlling question of law that is the subject of a split among the various circuit courts (with the majority of circuit courts agreeing with Cooper Farms' position), and immediate appeal could result in the termination of this matter in federal court. Cooper Farms therefore respectfully requests that the Court amend and reenter its

September 23, 2025 Order retaining jurisdiction over this case to include language certifying the

Order for interlocutory appeal.

**LOCAL RULE CERTIFICATE**

This case has been assigned to the standard track.  This Memorandum in Support of Cooper

Farms, Inc.'s Motion adheres to the page limits set forth in Local Rule 7.1.

Respectfully submitted,

/s/ Joel E. Sechler
Joel E. Sechler (0076320)
Theodore M. Munsell (0022055)
Jill Rogers Spiker (0091446)
CARPENTER LIPPS LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
(614) 365-4100
(614) 365-9145 (Facsimile)
sechler@carpenterlipps.com
munsell@carpenterlipps.com
spiker@carpenterlipps.com

Attorneys for Defendant
Cooper Farms, Inc.

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was filed electronically on October 10, 2025.  Notice of this filing will be sent by the Court's electronic filing system to all parties who have entered an appearance through counsel by operation of the Court's electronic filing ("ECF") system.  The parties may access this filing through the Court's ECF system.

/s/ Joel E. Sechler
One of the Attorneys for Defendant
Cooper Farms, Inc.

941374